UNITED STATES BANKRUPTCY COURT <u>NOT FOR PUBLICATION</u>
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re

      ANGELIQUE R. ANDERSON              Case No. 14-10246 K

                      Debtor
-----------------------------------------------------------------


OPINION AND ORDER AFTER EVIDENTIARY HEARING

      The matter before the Court is whether and how to divide responsibility for

accumulated civil coercive penalties as between the Debtor and her former counsel.[1]  It

also involves the Debtor's request to reconvert to Chapter 13, after having been in

Chapter 13 twice before in this one case.  The Court will conclude that the amount at

issue is $1700; that previous counsel shall disgorge $1100 in fees, but only to the

Chapter 7 estate (not to the Debtor); and that the request to reconvert is restored to the

calendar for further hearing.

      The procedural history of this case is as follows.

      On February 4, 2014, the Debtor filed a Petition under chapter 13 of the

Bankruptcy Code.  (The meeting of creditors was scheduled to be held on March 24,

2014.)   A day or two after the Petition was filed, the Debtor contacted her attorney, Mr.

Lazroe, and told him to either convert her case to one under Chapter 7 of the

Bankruptcy Code or return his $1100 fee to her so that she could hire another attorney

to do so for her.   He correctly thought conversion to be a bad idea for the Debtor, for

---

[1]Attorney-client privilege was waived once she put his conduct at issue.  As to substitute counsel, no objections were raised at any point.

reasons to be discussed below.  But a motion to convert from Chapter 13 to Chapter 7 was filed by Mr. Lazroe on behalf of the Debtor on February 26, 2014 and an Order Converting the case to Chapter 7 was signed by this writer on February 28, 2014.  The Debtor thus lost the privilege to withdraw the case without leave of Court.

Thomas J. Gaffney, Esq.  was appointed as Chapter 7 Trustee and a meeting of creditors was scheduled to be held on April 8, 2014.  The meeting of creditors was held, but was not concluded.  It was continued to May 2, 2014.  On April 15, 2014, the Chapter 7 Trustee filed a Motion for Turnover and to Extend Time to Object to Discharge.  It was heard on May 7 and was granted without objection.

The resulting Order (signed on May 8) required the Debtor to turn over non-exempt cash of $20.00; provide bank statements for her First Niagara Bank account showing the balance on February 4, 2014 (the filing date) and the turnover of any non-exempt monies in the account; provide the Trustee with copies of her 2013 Federal and New York State income tax returns and turn over the non-exempt pro-rata share of refunds; and provide the Trustee with copies of searches, surveys, title insurance and copies of transfer documents and proof of consideration received for several income properties listed in her Statement of Financial Affairs as having been transferred in December 2012 to the Debtor's cousin, Talie Parker.  (It was because of those transfers that Mr. Lazroe recommended against Chapter 7.)

On June 16, 2014, a Motion for sanctions for failure to comply with that prior order was filed by the Chapter 7 Trustee and was returnable on July 2, 2014.

There was no appearance by the Debtor or her attorney and no opposition to the

Motion.  The Court found the Debtor in contempt of its order of May 8, 2014 and

assessed as a contempt sanction a civil coercive penalty of $25.00 per day

commencing ten days after entry of the order until full compliance with the Court's prior

order.[2]  The Order was entered on July 8, 2014.  A copy of the Order with Notice of

Entry was mailed to the Debtor on July 10, 2014.  Mr. Lazroe also was sent notice by

electronic mail on July 10, 2014.

On July 11, 2014, the Debtor's attorney filed a Motion to Re-Convert the

case from Chapter 7 to Chapter 13, to be heard on September 8, 2014.  The Motion to

Re-Convert was granted and an Order Re-Converting the case to Chapter 13 was

signed on September 9, 2014.   Fifty-three days had passed, at $25/day.  $1325.00 (if

we count September 9).

A Motion to Convert the case <u>back</u> again to Chapter 7 for Failure to

Prosecute was filed by Albert J. Mogavero, Chapter 13 Trustee, which was scheduled

to be heard on October 27, 2014.  Mr. Lazroe appeared and the Motion was adjourned

to <u>January 12, 2015,</u>  for reasons not known to the Court.  The Debtor's § 341 meeting

---

[2]Before Rule 4004 became effective in the early 1980's, "Old Rule" 404 applied.  Rule 404(c) stated "The court may for cause, *on its own initiative* or on application of any party in interest,  extend the time for filing a complaint objecting to discharge."  On that authority, the Court held back the entry of discharge until there was full compliance with any turnover order.  Once Rule 4004 took effect, it had to turn to monetary dis-incentives for delay or non-compliance (and the possibility of a § 727 Complaint based on disobeying the turnover order (see In re Robert J. Swan and Dorothy A. Feathers-Swan, Case No. 08-11210K, A.P. No. 13-1027K (decision dated February 18, 2014)).

"Civil coercive penalty" is a term that this writer adopted 24 years ago in order to be clear that the contempt at issue was not <u>criminal</u> contempt, and that no "punishment" was intended, nor to be inferred.

and confirmation hearing were adjourned to January 12, 2015 as well.  After numerous

adjournments, the Chapter 13 Trustee's Motion to Re-Convert to Chapter 7 was

granted and the Order Re-Converting the case to Chapter 7 was signed on May 14,

2015.  The case was again assigned to Chapter 7 Trustee Gaffney.  On June 25, 2015,

he filed another Motion to Compel and for an Extension of Time to file a § 727

Complaint.  Mr. Lazroe filed a motion on June 30, 2015 to withdraw as attorney.  Both

motions were returnable on July 15, 2015.  An order was signed on July 15, 2015

permitting Mr. Lazroe to withdraw as bankruptcy counsel.  Also, an order directing the

Debtor again to appear before the Chapter 7 Trustee was signed on July 22, 2015 and

the remaining relief requested in the motion by the Chapter 7 Trustee was continued to

a later date.

On August 11, 2015, Attorney Thomas Denny filed a Response to

Trustee's June 25, 2015 Motion, alleging that the Debtor's failure to comply with the

Order(s) compelling turnover was not willful, but rather resulted from the failure of Mr.

Lazroe to communicate with her and that the Debtor had turned over the requested

documents to Mr. Lazroe.  Mr. Denny made those allegations by his own unsworn

"Response."[3]

On August 21, 2015, the Court signed a conditional order (apparently

sought by Mr. Gaffney) that directed Debtor to move to convert her case back again to

---

[3]It is offensive to the courts and to the taxpaying public which pays for the courts when lawyers turn their clients' unsworn tales into a lawyer's own statement, multiplying proceedings as addressed below.

Chapter 13 by 5 p.m. on August 21, 2015. The Debtor complied.

Mr. Denny was instructed by the Court that Mr. Lazroe had to be brought in to the case as a "target." He filed a cross-motion on the Debtor's behalf against Mr. Lazroe, requesting disgorgement of $1100 in fees, reimbursement of sanctions, costs and attorney's fees. Mr. Denny attributed the Debtor's failure to comply with the Court's turnover order and sanctions to "ineffective legal representation" and numerous other insults against Mr. Lazroe. Again he put his own license to practice law at issue by turning what his client told him into his own representations as though he had personal knowledge. (If he had at least called Mr. Lazroe for his side of the story,[4] he might have realized how important it was to get the Debtor's affidavit to support the cross-motion, instead of putting his own reputation behind his client's unsworn assertions. Maybe he might have sat his client down to confront her with Mr. Lazroe's proofs, and possibly settled the matter. (He also strangely asserted that Mr. Lazroe's malfeasances placed the Debtor at risk "of life and limb.")) The Court scheduled discovery, and set the matter for a hearing on January 19, 2016.

By that date, the $25/day civil coercive penalties had grown to over $7000, by the Trustee's reckoning. He had received from Mr. Denny the materials he originally sought and stated his willingness to "settle the case" for $5000 to be paid to the Chapter 7 estate. It was not so settled.

---

[4]Again, putting one's attorney's advice, actions, etc. at issue waives privilege as to that attorney.

<u>DISCUSSION</u>

Critically, the Court will retroactively abate the daily sanctions while the case pended in Chapter 13, as will be discussed below.  The amount in controversy is, thus, greatly reduced.

At the evidentiary hearing the Court heard the testimony of the Debtor and Mr. Lazroe.  It is clear to the Court that to the extent that the Chapter 7 Trustee did not receive the materials to which he was entitled, the fault lies with the Debtor and not with Mr. Lazroe.  The Court does not find credible the Debtor's testimony that she gave Mr. Lazroe the materials that the Trustee required.   (That will be discussed in the final paragraphs of this Decision.)

Although this writer stated otherwise in open court on January 19, 2016, the issue is <u>not</u> "who is to blame for the fact that the Chapter 7 Trustee did not receive the materials that he was entitled to receive?"  That was the fault of the Debtor, and it really wouldn't matter but for the passage of so much time.  The question is <u>"Who is responsible for the fact that the 'civil coercive penalties' of $25 per day got so high?"</u>

It is clear from Mr. Lazroe's dozens of exhibits, attached to his Affidavit in Opposition to Debtor's Cross-Motion, that the Debtor became a difficult client immediately after the case was filed.  She had  insisted on immediate filing because her utilities otherwise would be shut off the following day.  She wanted Chapter 7.  Mr. Lazroe correctly chose to file her under Chapter 13 (and did so file her case) rather than Chapter 7 because she had recently transferred several parcels of real estate to

her cousin's daughter.  But she immediately challenged that decision <u>after</u> she received

the benefit of the protection of this Court.  (Maybe her filing bought some time to settle

as to the utilities.)  She insisted that the case be converted to Chapter 7 or that the

$1100 she paid in fees to Mr. Lazroe be returned to her.  <u>Mr. Lazroe then should have</u>

<u>moved for leave of Court to withdraw as counsel.</u>  What she directed him to do was

adverse to her own interests.

If he had sought to withdraw as counsel when she insisted on conversion

to Chapter 7, it is unlikely that this case ever would have been converted to Chapter 7,

and unlikely that any Chapter 7 trustee would have become involved at all, and no daily

penalties ever would have applied.  Rather, either the Chapter 13 case would have

been <u>dismissed</u>, or substitute counsel would have convinced the Debtor to propose a

Chapter 13 plan that was feasible and confirmable just as Mr. Lazroe advised.

(Chapter 7 would be the <u>worst</u> place to be for one who recently deeded several parcels

of real estate to her cousin's daughter for nothing in return.)[5]

Not only did he fail to seek to withdraw as soon as the Debtor insisted on

conversion, he did not oppose Trustee Gaffney's Motion to hold the Debtor in contempt

and to impose a civil coercive penalty.  Mr. Lazroe testified here in January that he

believed that he did not have to appear in opposition to that motion because he was

preparing the motion to reconvert the case from Chapter 7 to Chapter 13.  (Indeed the

---

[5]Apparently, her cousin deeded the properties to her as he was about to serve a criminal sentence, and the Debtor re-deeded the properties to his daughter a few months later.  But bankruptcy trustees are statutorily obliged to investigate the stream of rental income, any equity in the properties, etc.

motion was filed just 9 days later.)   And he believed that Mr. Gaffney's demands would be mooted when (if) the case was converted to Chapter 13.  <u>Again, Mr. Lazroe should have sought leave of the Court to withdraw as counsel in response to Mr. Gaffney's Motion to hold the Debtor in contempt and seeking to impose a $25 per day civil coercive penalty for each day that she did not comply with the earlier turnover order.</u> (As the Court advised Mr. Lazroe in open court at the evidentiary hearing on January 19, 2016, it was a "leap of faith" for him to fail to appear on the Motion for Contempt on a supposition that the Chapter 7 Trustee's demands would become moot upon the reconversion to Chapter 13 that Mr. Lazroe reasonably anticipated. That was a mistake, but a harmless one because his supposition in that regard is confirmed below.)

It is clear to the Court that the degree to which the civil coercive penalties have accumulated is due, in part, to the failure of Mr. Lazroe to either control his client or to seek withdrawal as her counsel as soon as she refused to heed his advice and told him that she did not trust him.  By no means is this Court suggesting that Mr. Lazroe did not properly advise his client.  It appears from what has been submitted to the Court that he gave her good advice at every turn, and she fought it for reasons unknown to the Court, and she demanded (repeatedly) the return of the $1100 if he did not do what she directed him to do.  But he should <u>not</u> have obeyed her commands past the point that he knew that obedience to those commands would inure to her

detriment.[6]  If his supposition were to have been wrong, then the $25 per day would

have accrued from approximately July 18, 2014, all the way through the months that he

represented her in her second attempt at Chapter 13, all the weeks that he represented

her after re-conversion to Chapter 7 until he withdrew as counsel by order dated July

15, 2015, and for all the months thereafter that she was either unrepresented or was

represented by substitute counsel, right up to the day that Mr. Denny provided the

materials.  Even just 365 days at that rate would have been $9,125.

         After a very great deal of reflection, this writer has decided to abate the

daily sanctions while the case was pending in Chapter 13, even though it ended-up

back in Chapter 7 with creditors still being no further along in knowing whether they

might see some recovery than they did at the time that Mr. Gaffney was investigating.

The reason is this writer's view that "civil coercive penalty" in the Chapter 7 context

reflects, in part, the burden upon the Chapter 7 Trustees of reporting about cases in

which they serve, and the burden of pressing ahead with fiduciary responsibility,

possibly even without remuneration.

         Once this case converted from Chapter 7 to Chapter 13 with Court

approval, there were consequences relieving Mr. Gaffney of such burdens.  (Again, the

---

[6]When a client will not heed counsel's advice, but counsel continues to do the client's bidding in a case such as this (in which there is no injury to others (so long as someone eventually pays the daily penalty)), it is hard for this writer to see even a "fee dispute" or a "grievance," let alone a claim of malpractice.  (But this writer is not an expert as to such a matter.)  When in practice a long time ago, this writer had some clients who wished to proceed against my advice.  I fully documented the advice, the reasons for the advice, and the client's choice to go ahead anyway.  The voluminous exhibits  produced by Mr. Lazroe document the numerosity of his communications with the Debtor, but not the content of their in-person or telephonic communications.  (See the final paragraphs of this Decision.)

case was filed under Chapter 13 and then converted to Chapter 7.  The reconversion

required the approval of the Court.)  He was relieved of duty to creditors and the

Chapter 13 Trustee took over.  The duty of the <u>Debtor</u> to <u>Mr. Gaffney</u> ended so long as

his claims on behalf of the Chapter 7 estate would be promised to be paid by the

Debtor in her Chapter 13 case, including any "Chapter 7 test" obligations regarding the

real estate transfers, etc.

      Mr. Gaffney was not again burdened (and the Chapter 7 estate was not

again placed at risk of further attorney's fees to Mr. Gaffney) until the case reconverted

to Chapter 7.


<u>CONCLUSION</u>

      Because any possibility of a claim of "malpractice" is not before this

Court, and the request for "sanctions" against Mr. Lazroe comes only in an unfortunate

claim by Mr. Denny on his own "say so," the Court rules as follows.  Under 11 U.S.C. §

329, Mr. Lazroe is ordered to turn his $1100 fee over to the Chapter 7 Trustee in partial

satisfaction of the penalties owed by the Debtor to the Chapter 7 Estate.  (This is not a

"sanction" or a "disciplinary matter.")  Rather his reluctance to reject the Debtor as a

client increased her financial exposure, and retention of the fee would be

"unreasonable."

Because his actions are not sanctionable,[7] the Court has no authority to shift to him any other portion of the amount to which the Chapter 7 estate is entitled.

Finally, the Court explains its disbelief of Ms. Anderson's testimony. There is an axiom in the law.  In Latin it is "*falsus in uno, falsus in omnibus.*"   In plain English, it means that if the Court believes that a witness is not truthful as to any one thing, the Court may conclude that nothing the witness says is truthful.  The Debtor has made a demonstrably false statement to the Court.  When she was on the witness stand, the Court read to her, her current counsel's representation (in the Cross-Motion against Mr. Lazroe) that "from July 11, 2014 forward [Lazroe] failed to communicate with the Debtor."  The Court asked her whether that is what she told current counsel, as follows:

Judge Kaplan:       Q: Did you tell Mr. Denny that Mr. Lazroe would not communicate with you after July 2014?

A. Anderson:        A:  After July of 2014?

Judge Kaplan:       Q:  No, did you tell Mr. Denny that . . .

A. Anderson:        A:  I do feel like he failed to communicate with me, yes (repeated again) (some questions - statements in between?)  then . . .

Judge Kaplan:       Q:  What did you tell Mr. Denny . . . Paragraph 7 - Is that what you told him . . .

A. Anderson:        A:  Mr. Denny is correct, yes.  Yes, cause he failed to communicate with me.

---

[7]If the Court were to have concluded that he did receive the relevant materials from the Debtor, and failed to provide those to the Trustee, and now is falsely denying same, sanctions would be awarded.  But the Court rejects the Debtor's testimony and arguments to that effect, as discussed below.

Judge Kaplan:        Q:   Now you said he did from time to time more in person than by
                              e-mail during, after July (whatever date) 2014?

A. Anderson:         A:   I don't feel like he did.


       Appended to this Decision are print-outs of e-mails (submitted by Mr.

Lazroe) memorializing many communications between the Debtor and Mr. Lazroe after

July, 2014, plus a "snail mail" letter.  Although they were not offered into evidence,

there was no objection to the consideration of them by the Court.  They disprove her

testimony.

       The Court is not implying that Ms. Anderson consciously lied under oath.

Rather, it appears to the Court that she had made an unequivocal statement to Mr.

Denny that she knew was not objectively true, and he made that allegation against Mr.

Lazroe above his own signature.  It was her "feeling" or opinion as to the degree to

which Mr. Lazroe communicated with her in what she thought to be an effective way.

Given her employment history (as per Schedule I), it seems that Ms. Anderson is a very

capable customer service representative at a well-regarded company.  Here, on the

stand, her answers were imprecise even as to the questions asked by her own counsel.

Consider this exchange between Mr. Denny and the Debtor.

Mr. Denny:   Q:   Miss Anderson, you told me that when you first filed, Mr. Lazroe asked
                          for a copy of your tax returns.  Did you provide that to him?

Debtor :        A:  Mr. Lazroe has all the information that he's ever asked me for, yes.

Mr. Denny:   Q:  So when he asked you for documents regarding property you

turned those over to him?

Debtor:          A:  Yes

Mr. Denny:    Q:  Also bank statements, did you turn those over to him?

Debtor:          A:  Yes.

Then Debtor provided a lengthy answer in response to Denny's question as to when she turned them over, in which she ended with

Debtor:          A:  Mr. Lazroe has all of the information that I, that he's ever requested.

Mr. Denny:    Q:  The documents also?

Debtor:          A.  Yes.

Mr. Denny:    Q:   All of the documents?

Debtor:          A:  Yes, all of the deeds.

(Some responses in between this answer and next question.)

Mr. Denny:    Q:  . . .  the documents that are -  that you are being sanctioned for not
                     producing?

Debtor:          A:  Yes.  Bank statements which he had, all the property information
                     which he had and my tax information, yes.

It seemed to the Court that the Debtor was impatient with the questioning by her own current counsel.

It seems likely that the Debtor dropped off various things at Mr. Lazroe's office from time to time.  (Their offices are across the street from one another.)  But when one examines all of the e-mails, etc. provided by Mr. Lazroe (including the ones

before and during July, 2014) he had not received everything that he needed to put together for turnover to Mr. Gaffney.

At the evidentiary hearing, the Court flatly asked Mr. Lazroe:

Judge Kaplan: A:  You stated and I want to make sure that you meant to state that you never received the documents that she claims she sent to you.

Mr. Lazroe:     A:  No.

Judge Kaplan: Q:  Is that your testimony?

Mr. Lazroe:     A:  Yes

Mr. Lazroe has practiced extensively here for several years and has been forthright with this Court, so far.

The Court concludes that it more likely than not that Mr. Lazroe is telling the truth and Ms. Anderson qualifies her testimony with such words as "I don't feel like he did," or "I do feel like he failed to communicate with me," as if her "feelings" justify serious, unequivocal allegations.

My Honored predecessor on this Bench - - the late Hon. John Creahan - - would have pronounced this case to be a "cobbed-up mess" created as much by the lawyers as by the Debtor.  Disgorgement is appropriate, and the disgorgement of the $1100 fee will leave approximately $600 for the Debtor to pay to her Chapter 7 estate.

It is not clear whether Trustee Gaffney's settlement offer of $5,000 implicated some elements of § 541 "value" (rather than "sanctions" value) of which the Court is unaware.  (For example, he might have seen recoverable value in the

transferred properties, etc.)  Consequently, the $25/day civil coercive penalties are now

computed to total $1700.  Mr. Lazroe's disgorgement of his $1100 fee to the Chapter 7

estate will be a final resolution of his involvement in this case.  The Debtor and/or

others must pay the other $600.

Her motion to reconvert to Chapter 13 is restored to the Calendar for

**April 25, 2016 at noon** to hear the Trustee and the Debtor as to whether her case

should proceed in Chapter 7 or Chapter 13.  (The **only** reason that Ms. Anderson

cannot simply walk away from this case by payment of that $600 is that she would not

and did not heed Mr. Lazroe's advice to keep the case in Chapter 13.)

SO ORDERED.

Dated:        Buffalo, New York
              March 22, 2016


s/Michael J. Kaplan
_____
                    U.S.B.J.

**From:** **Matthew Lazroe** matthew@lazroelaw.com
**Subject:** attorney update - anderson
**Date:** September 12, 2014 at 11:55 AM
**To:** aranderson.1 aranderson.1@hotmail.com



<u>LAZROELAW</u>

I will review the claims in your case and see what he filed.
The trustee did spend a lot of time with your case and he might be asking for compensation for it.

We are not allowed to set the hearing dates. All your creditors are put on notice of the date and changing it is up to the court.
There are only certain days that are scheduled for the hearings.

you realize that your case is very unusual because of you wanting it to convert back and forth. Technically you should be charged each time I appear in court. Normally this takes only one appearance on my behalf and as your can see I have appeared in court at least 5 times already.

Very truly yours,

Matthew Lazroe, Esq.

The Cathedral Park Tower
37 Franklin Street
Buffalo, NY 14202
716-989-0090
716-408-5594 (f)
www.LazroeLaw.com
matthew@LazroeLaw.com

Attorney-Client Privileged Communication.
All information contained in this e-mail message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution, or copying of this communication is strictly prohibited.

Please update me with any change in contact information such as address, phone number or email address.

On Sep 12, 2014, at 9:53 AM, aranderson.1 <aranderson.1@hotmail.com> wrote:

> I sent you an email lastnight about something I got from Gaffney.
>
> Also, I'm not going to be able to appear in court on the 22nd. Can you see if I can appear on the 23rd?
>
> Angelique Anderson
>
> Sent from my Samsung Galaxy Note® II

From: **Matthew Lazroe** matthew@lazroelaw.com
Subject: Attorney update - anderson
Date: September 22, 2014 at 8:59 PM
To: aranderson.1 aranderson.1@hotmail.com



LAZROELAW

Unfortunately we did not to appear as I mentioned to you before.
I appeared and the court was not happy that you were not.
I had the documents for the trustee to review.
I received your email stating that you had to work and was not going to show up anyways.

The court adjourned the case one last time before they will convert it back to Ch.7 and Mr. Gaffney.

The next court date is --->

10/27/2014 at 02:00 PM on the 3rd floor of bankruptcy court.

I appeared at another meeting without charging you.

Please accept this as notice that if you do not appear at the next court date I will request to be withdrawn from the case and you will have to find another attorney.

I have never done that before however I can not keep having this case going on without cooperation from you.

Contact me and let me know how you want to proceed.


Very truly yours,

Matthew Lazroe, Esq.

The Cathedral Park Tower
37 Franklin Street
Buffalo, NY 14202
716-989-0090
716-408-5594 (f)
www.LazroeLaw.com
matthew@LazroeLaw.com

Attorney-Client Privileged Communication.
All information contained in this e-mail message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution, or copying of this communication is strictly prohibited.

Please update me with any change in contact information such as address, phone number or email address.

On Sep 22, 2014, at 10:49 AM, aranderson.1 <aranderson.1@hotmail.com> wrote:

Good morning. I'm taking it we didnt have to appear in court today because of the letter I received in the mail. I have no idea what it means, something about "to re-convert or dismiss the chap 13 plan because the debtor failes to provide a copy of tax returns to the teustee no later than 7 days beforw the date first set" it goes on to say somerhing about appearing Oct. 27th at noon. You have all of my information I am confused as to why they're sying that they don't have it.

Can you please advise.

Angelique Anderson

Sent from my Samsung Galaxy Note® II

From: **Matthew Lazroe** matthew@lazroelaw.com
Subject: Re: attorney update - anderson
Date: September 24, 2014 at 9:41 PM
To: Angelique Anderson aranderson.1@hotmail.com



LAZROELAW

If you have a email stating that I told you that you did not have to appear than please forward it to me.

On September 8th, 2014 I specifically emailed you the time of the hearing and said that you had to appear.

I do not write the laws nor do I set the court dates. If you believe the court system is flawed then you have to appeal to congress.

I do not believe that anybody has failed at anything. You have had the benefit of protection from your creditors for a long time. When we filed this case you were having your utilities shut off. The court has allowed you not to pay anybody anything this whole time.

Eventually you will have to make a decision on paying back your creditors. That is not up to me. It is my job to guide you in the process and your decision on how you want to proceed.

Very truly yours,

Matthew Lazroe, Esq.

The Cathedral Park Tower
37 Franklin Street
Buffalo, NY 14202
716-989-0090
716-408-5594 (f)
www.LazroeLaw.com
matthew@LazroeLaw.com

**Attorney-Client Privileged Communication.**
All information contained in this e-mail message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution, or copying of this communication is strictly prohibited.

Please update me with any change in contact information such as address, phone number or email address.

On Sep 24, 2014, at 7:47 PM, Angelique Anderson <aranderson.1@hotmail.com> wrote:

First and foremost, you said that I didn't need to be present for the fist visit. So how was that my fault? With this past Monday, yes I told you that I wasn't able to get off work. Unfortunately, I don't have the kind of job that allows me to take off when I want to.

As far as you withdrawing yourself? Are you serious? I feel like I've been just as patient with you as you've been with me. As an attorney you've failed in many areas just as you may feel that I have as a client. So I am highly offended right now.

Angelique Anderson

Sent from my Samsung Galaxy Note® II

# MATTHEW A. LAZROE



### ATTORNEY AT LAW

September 24, 2014

Angelique Anderson
208 Hastings Ave
Buffalo, NY 14215

Re: Attorney update

Dear Angelique,

Please accept the letter as a update on your bankruptcy case.

I received your email stating that you were not going to appear at the meeting of creditors.

Unfortunately since you did not appear to the meeting of creditors for your ch.13 case, the trustee adjourned the case one last time until 10/27/14 @ 2pm on the third floor of Bankruptcy Court. You must bring all your documents including tax returns and bankruptcy paperwork.

I appeared and the court was not happy that you were not there. This case has been pending since 2/4/2014. Normally I appear once to a meeting and the case is resolved however since you wanted to convert the case back and forth because of the trouble you were having with the trustee I have had to appear several times. I have not charged you for any of these appearances.

Please accept this letter as notice that if you do not appear at the next court date I will request to be withdrawn from the case and you will have to find another attorney to help you.

I have never done that before however I can not keep going to court without cooperation from you.

Contact me and let me know how you want to proceed.

Very truly yours,

Matthew Lazroe, Esq.

---

*37 Franklin St, Suite 750*
*Buffalo, New York 14202*
*www.LazroeLaw.com*

*PHONE: 716-989-0090*
*FAX: 716-408-5594*
*Matthew@Lazroelaw.com*

From: **aranderson.1** aranderson.1@hotmail.com
Subject:
Date: November 5, 2014 at 7:17 PM
To: Matthew Lazroe matthew@lazroelaw.com

Hello

I'm sending you the amounts that I owe City of Buffalo Dept. Of Assessment & Taxation ($918.17) and the City of Buffalo Dept of Street Sanitation
( $510.62).
 You have what I owe the IRS and NYS Taxation dept because the information is on taxes from last year.
Please let me know what I need to do from here.  Please and thank you.


Angelique Anderson

Sent from my Samsung Galaxy Note® II

From: **Matthew Lazroe** matthew@lazroelaw.com
Subject: attorney update - anderson
Date: January 8, 2015 at 10:47 AM
To: aranderson.1 aranderson.1@hotmail.com



<u>LAZROELAW</u>

Thanks for contacting me.

The next hearing date is monday Jan 12 @ 11 am.

Very truly yours,

Matthew Lazroe, Esq.

The Cathedral Park Tower
37 Franklin Street
**Buffalo, NY 14202**
**716-989-0090**
**716-408-5594 (f)**
<u>www.LazroeLaw.com</u>
matthew@LazroeLaw.com

**Attorney-Client Privileged Communication.**
**All information contained in this e-mail message is attorney privileged and confidential information**
**intended only for the use of the individual or entity named above. If the reader of this message is not**
**the intended recipient, you are hereby notified that any unauthorized dissemination, distribution, or**
**copying of this communication is strictly prohibited.**

Please update me with any change in contact information such as address, phone number or email address.

On Jan 8, 2015, at 9:24 AM, aranderson.1 <<u>aranderson.1@hotmail.com</u>> wrote:

Sent from my Samsung Galaxy Note® II

-------- Original message --------
From: "aranderson.1"
Date:01/06/2015 7:09 PM (GMT-05:00)
To: Matthew Lazroe
Subject:

Hello... I haven't reveived anything from the bankruptcy court on the court date. I know it's this month, but unsure of the date.
Please let me know the date and time.

Angelique Anderson

Sent from my Samsung Galaxy Note® II

From: **aranderson.1** aranderson.1@hotmail.com
Subject:
Date: February 10, 2015 at 8:55 AM
To: Matthew Lazroe matthew@lazroelaw.com

Good morning, about a month ago I emailed you that I had gotten a letter from the city advising me that my home would be on the foreclosure list that they were starting to compile. You at the time told me not to pay my taxes because they'd be includes in my bankruptcy file.

I called the City and County offices and neither of them had been made aware of my bankruptcy file. Apparently, my house would be placed on the list that would be out to the public in June for the annual aution in October.

I am NOT going to allow that to happen and with all of this time passed I could have paid off most of the things on my credit report. I'm frustrated because I've expressed to you on more than 20 occassions how I feel like this isn't be handled effectively and correctly. The last time we went to court you told me you were going back to the office and figure out how the trustee got to over $21,000 that I'd be paying back. You said you'd send me an email that same day, I'm still waiting....

Oh and the IRS hasn't been notified either....

I'll await your response, but for the record I'm paying the IRS and the taxes for my home. The IRS because you don't play with "Uncle Sam" and my house taxes because I'm not about to have anything or anyone have me and my family out on the streets....


Frustrated....

Angelique Anderson

Sent from my Samsung Galaxy Note® II



From: **Matthew Lazroe** matthew@lazroelaw.com
Subject: attorney update - anderson
Date: February 19, 2015 at 3:39 PM
To: Angelique Anderson aranderson.1@hotmail.com

<u>LAZROELAW</u>

I am glad I ran into you outside today.

The irs, nys and city of buffalo are all included in the bankruptcy.
I made sure that they were sent out letter regarding the bankruptcy.

I filed a new plan where you would pay $250 per month for 30 months... Then I estimated that you would have to pay $448 on the rest of the debts for 30 months... that amount would change depending on the claims filed in the case at that time....

The next hearing is monday Feb 23rd @ 11am....

let me know if you have any questions.

Very truly yours,

Matthew Lazroe, Esq.

The Cathedral Park Tower
37 Franklin Street
**Buffalo, NY 14202**
**716-989-0090**
**716-408-5594 (f)**
www.LazroeLaw.com
matthew@LazroeLaw.com

Attorney-Client Privileged Communication.
All information contained in this e-mail message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution, or copying of this communication is strictly prohibited.

Please update me with any change in contact information such as address, phone number or email address.

On Feb 19, 2015, at 1:26 PM, Angelique Anderson <aranderson.1@hotmail.com> wrote:

Matt, i sent you an email a couple weeks ago regarding the taxes on my home and also the irs. Can you please respond. Also you were supposed to be emailing me the same day we left court to let me know how the trustee arrived at me javing to pay over $20k and my debt wasn't quite $15k, please let me know.

Thanks.

Sent from my Sprint Samsung Galaxy® Note 4.



From: **Matthew Lazroe** matthew@lazroelaw.com
Subject: Re: attorney update - anderson
Date: March 20, 2015 at 1:07 PM
To: Angelique Anderson aranderson.1@hotmail.com

<u>LAZROELAW</u>

NO further fees are due....

Those were the only two documents I emailed.. You should review the order from that other case.
I need to file the motion to dismiss next week so the court has enough time to review before the april court date.

contact me if you have any further questions.

Very truly yours,

Matthew Lazroe, Esq.

The Cathedral Park Tower
37 Franklin Street
**Buffalo, NY 14202**
**716-989-0090**
**716-408-5594 (f)**
<u>www.LazroeLaw.com</u>
matthew@LazroeLaw.com

**Attorney-Client Privileged Communication.**
**All information contained in this e-mail message is attorney privileged and confidential information**
**intended only for the use of the individual or entity named above. If the reader of this message is not**
**the intended recipient, you are hereby notified that any unauthorized dissemination, distribution, or**
**copying of this communication is strictly prohibited.**

Please update me with any change in contact information such as address, phone number or email address.

On Mar 18, 2015, at 7:49 PM, Angelique Anderson <<u>aranderson.1@hotmail.com</u>> wrote:

I just wanted to make sure we were still in agreement that I didn't owe you anything else.

I wasn't able to view two of the documents that you sent me. I was only able to get into the retainer information and the
bankruptcy information regarding someone else. So you may want to resend me the other two attachments. I didn't know if it was
just because I was trying from my cell phone so I waited until I got home and I still can't.

With the appointment in April is that appearing before a judge regarding dismissal of the file?

Angelique Anderson

Sent from my Sprint Samsung Galaxy® Note 4.

-------- Original message --------
From: Matthew Lazroe <<u>matthew@lazroelaw.com</u>>
Date: 03/18/2015 11:27 AM (GMT-05:00)
To: Angelique Anderson <<u>aranderson.1@hotmail.com</u>>
Subject: Re: attorney update - anderson

LAZROELAW

Although that was the retainer agreement I did say that I was not going to charge you any further.

The other attachment is a decision by the Judge regarding voluntarily dismissal of a case. You should read it.

Very truly yours,

Matthew Lazroe, Esq.

The Cathedral Park Tower
37 Franklin Street
Buffalo, NY 14202
716-989-0090
716-408-5594 (f)
www.LazroeLaw.com
matthew@LazroeLaw.com

Attorney-Client Privileged Communication.
All information contained in this e-mail message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution, or copying of this communication is strictly prohibited.

Please update me with any change in contact information such as address, phone number or email address.

On Mar 18, 2015, at 11:13 AM, Angelique Anderson <aranderson.1@hotmail.com> wrote:

Matthew, are you now trying to say that I still owe you anything? There's been numerous occasions where you've told me that you were paid in full, I have emails with receipts showing that as well. The first attachment shows something different, please explain.

Sent from my Sprint Samsung Galaxy® Note 4.

-------- Original message --------
From: Matthew Lazroe <matthew@lazroelaw.com>
Date: 03/17/2015 8:18 PM (GMT-05:00)
To: Angelique Anderson <aranderson.1@hotmail.com>
Subject: Re: attorney update - anderson

LAZROELAW

The next court date is 4/13/15 @ noon.

attached is a decision from the judge on another case regarding dismissal.
attached is the retainer agreement that you signed at my office when we filed the case.

I need a letter from you why the case should be dismissed.
you should read over the decision and use some of the language the judge used.
specifically you should say how you are going to pay back your creditors outside of bankruptcy and why it would be beneficial to not stay in bankruptcy.

contact me if you have any questions.

From: **Matthew Lazroe** matthew@lazroelaw.com
Subject: attorney update - a anderson
Date: April 13, 2015 at 5:46 PM
To: Angelique Anderson aranderson.1@hotmail.com



LAZROELAW

If you can not appear then I need a letter from you so I can give it to the judge explaining why you want the case dismissed.

email or mail it to me.
Try to get it to me by the end of the week.


Very truly yours,

Matthew Lazroe, Esq.

The Cathedral Park Tower
37 Franklin Street
Buffalo, NY 14202
716-989-0090
716-408-5594 (f)
www.LazroeLaw.com
matthew@LazroeLaw.com

Attorney-Client Privileged Communication.
All information contained in this e-mail message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution, or copying of this communication is strictly prohibited.

Please update me with any change in contact information such as address, phone number or email address.

> On Apr 10, 2015, at 12:40 PM, Angelique Anderson <aranderson.1@hotmail.com> wrote:
>
> I am not able to appear in court on Monday. I was not able to get a vacation day and I cannot just continue to be late or leave early.
>
> Angelique Anderson
>
> Sent from my Sprint Samsung Galaxy® Note 4.

From: **Angelique Anderson** aranderson.1@hotmail.com
Subject:
Date: May 26, 2015 at 11:03 PM
To: matthew@lazroelaw.com

I have no idea why I received a letter advising me that my Chapter 13 was being converted to a Chapter 7. I sent you a letter a while ago advising you of why I was dropping my bankruptcy file. I am still not interested in filing bankruptcy and I still don't have time available to tKe off of work to appear in court for anything. It still lists you as my attorney, I have no idea why. What is this?


Angelique Anderson