UNITED STATES BANKRUPTCY COURT               NOT FOR PUBLICATION
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re

    ANGELIQUE R. ANDERSON          Case No. 14-10246 K

                  Debtor
-----------------------------------------------------------------

## DECISION AND ORDER

        The Court has examined all the cases cited by the parties, and many other sources. It concludes that there is no interpretation of the 2005 version of 11 U.S.C.§330(a)(7) that could require an 11 U.S.C.§326 compensation "cap" in a case such as this in which a debtor converts from Chapter 7 to Chapter 13 because a Chapter 7 trustee is pursuing assets that had yet to be evaluated in Chapter 7. We cannot know what a §326 compensation award might have been, because the Debtor chose not to allow the Chapter 7 trustee to pursue her non-exempt assets and reduce them to cash. 11 U.S.C.§330(a)(7) has no application in this case which is no longer in Chapter 7, by the Debtor's choice.

        That said, the test is §330(a)(1)(A) "reasonableness", as that term was interpreted in the case of (for example) *In re Clemens,* 349 B.R. 725 (D. Utah 2006). The District Court in that case stated that even after the amendment under BAPCPA of Section 330(a) to include paragraph 7, Section 330(a)(1) still requires a Court to look to the reasonableness of the amount requested and apply the Lodestar analysis when examining fees requested by a Chapter 7 trustee. The Court provides a list of factors to

consider, including but not limited to: the time and labor involved, the skill to perform the services and the amount generated by the trustee's efforts for creditors and the results obtained.

The Trustee's statutorily required pursuit of the Debtor's assets (here including 6 parcels of land that the Debtor transferred to a relative), caused her to convert her case to Chapter 13 on September 9, 2014.  A Proof of Claim and Application by Chapter 7 Trustee for Compensation was filed in the Chapter 13 case on September 10, 2014, requesting the sum of $1,468.65 for his time and expenses.

After the case was re-converted to Chapter 7 because the Debtor failed to offer a confirmable Plan, the Chapter 7 Trustee resumed his work.  And now that the Debtor has chosen again to convert her case to Chapter 13 and proposes a 100% Plan, he submits time sheets to support his request for an additional $3,942.24 and includes $300.00 of civil coercive penalties that were unpaid from the Court's Order dated March 22, 2016, and he thus amends his Proof of Claim #5 to total $5,410.89.  The Trustee seeks this as a trustee only, not as attorney.  The hours are reasonable.  The rate for non-attorney work is not.  The hourly rate is allowed in the reduced amount of $175.00.  The coercive penalty included in his amended proof of claim is not allowed as it is not owed to him; it was owed to the Chapter 7 estate.  (The amount <u>previously</u> paid to the Chapter 7 Estate as a civil coercive penalty has been paid over to the Chapter 13 Trustee, for application to the Debtor's Plan.)

The Chapter 7 Trustee is allowed an administrative claim in this Chapter 13 case to be paid to him individually as follows:

    Time Expended - 18.4 hours @ $175/hour = $3,220.00

    Expenses - photocopies and postage -   $43.89

    Total allowed claim -   $3,263.89

    SO ORDERED.

Dated:    Buffalo, New York
          September 22, 2016

                                  s/Michael J. Kaplan
                                        U.S.B.J.